DANIEL G. BOGDEN
United States Attorney
STEVEN W. MYHRE
Assistant United States Attorney
333 Las Vegas Blvd., South, Ste. 5000
Las Vegas, Nevada 89101
Tel: (702) 388-6298
Fax: (702) 388-6298

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:12-cr-00400-MMD-GWF |
| ) | ~~3:12-cr-00400-MMD-GWF~~ |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **STIPULATION AND** |
| STEVEN E. JONES, ) | **PROTECTIVE ORDER** |
| THOMAS A. CECRLE, Jr., ) | |
| CONSTANCE C. FENTON, ) | |
| TERRY J. WOLFE, ) | |
| MARK L. HANSEN, and ) | |
| ASHLEE M. MARTIN, ) | |
| ) | |
| Defendants. ) | |

The United States, by and through the United States Attorney for the District of Nevada, and the defendants Steven E. JONES, Thomas A. CECRLE, Jr., Constance C. FENTON, Terry J. WOLFE, Mark L. HANSEN, and Ashlee M. MARTIN, by and through their undersigned counsel, respectfully move for the entry of a Protective Order governing discovery in this matter in accord with the following Stipulation.

## STIPULATION

Whereas, the parties recognize that various federal and state laws and regulations extend protections and limitations regarding the use, disclosure or publication of information associated

with the privacy and identity of an individual, including, but not limited to, social security number, date of birth, address, telephone number, driver's license number, financial information, banking information, and tax information, which is hereinafter collectively referred to as "Protected Personal Information" ("PPI").

Whereas, the parties recognize that discovery in the above-captioned case is likely to be voluminous and may include documents and other evidence containing PPI of the defendants and/or third parties.

Whereas, the parties desire to provide for the timely and expeditious exchange of discovery while simultaneous guarding against the inappropriate use, disclosure, or publication of any PPI associated with any party or third party.

Whereas, in light of the above, the parties have conferred on this matter and have reached agreement on the exchange and handling of PPI.

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties, as follows:

1. Documents containing PPI will be referred to as "Protected Documents."
2. The government may produce Protected Documents to the defendant in discovery without redacting PPI.
3. Access to Protected Documents produced by the government will be restricted to the defendants, attorneys for the defendants, and any agents, contractors, or employees acting on behalf of the defendants and/or their attorneys in connection with the above-captioned matter (hereinafter referred to collectively as "Authorized Person(s)").
4. Attorneys for the defendants will ensure that all Authorized Persons receive a copy of this Stipulation and are familiar with its terms and conditions.
5. Unless otherwise Ordered by the Court, an Authorized Person shall not:
    a. grant or permit access to Protected Documents by any non-Authorized Person.

      b.     allow or permit any non-Authorized Person to read, review, or reproduce any Protected Document.

      c.     distribute any Protected Document, by any means, to any non-Authorized Person.

      d.     use or disclose Protected Documents, and any PPI contained therein, for any purpose other than in connection with the defense of the above-captioned matter.

      e.     use or disclose a Protected Document in connection with any pleadings or proceedings in the above-captioned matter without first redacting any PPI, unless the PPI is directly relevant to the matter at issue.

      f.     use or disclose PPI in connection with any pleadings or proceedings in the above-captioned matter, unless the PPI is directly relevant to the matter at issue.

6. Upon conclusion of the above-captioned matter, each defendant's attorney shall return any and all copies of Protected Documents to the attorneys for the United States, or provide them with written certification that the Protected Documents have been destroyed.

7. Nothing in the agreement shall be deemed an admission of the evidentiary admissibility or inadmissibility of any Protected Document in any subsequent proceeding.

WHEREFORE, the undersigned respectfully request that the Court accept and enter this Stipulation as the Protective Order governing discovery in this case.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

| /s/ | 1/2/2013 |
|---|---|
| STEVEN W. MYHRE | Date |

Assistant United States Attorney

| /s/ | 12/12/2012 |
|---|---|
| ROBERT M. DRASKOVICH | Date |

Counsel for defendant
STEVEN E. JONES

| /s/ | 1/2/2013 |
|---|---|
| WILLIAM CARRICO | Date |

Counsel for defendant
THOMAS CECRLE, Jr.

| /s/ | 12/12/2012 |
|---|---|
| LANCE M. HESTER | Date |

MICHAEL R. PANDULLO
Counsel for defendant
CONSTANCE C. FENTON

| /s/ | 12/13/2012 |
|---|---|
| JESS MARCHESE | Date |

Counsel for defendant
TERRY WOLFE

| /s/ | 12/19/2012 |
|---|---|
| GABRIEL GRASSO | Date |

Counsel for defendant
MARK HANSEN

| /s/ | 12/14/2012 |
|---|---|
| CRAIG W. DRUMMOND | Date |

Counsel for defendant
ASHLEE MARTIN

IT IS SO **ORDERED**:

   this __4th__ day of January, 2013.

                                        _____
                                        UNITED STATES MAGISTRATE JUDGE