**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STEVEN W. JONES, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:12-cr-00400-MMD-GWF <br><br> **ORDER** |

This matter is before the undersigned on Defendant Thomas A. Cecrle, Jr's Motion to Reconsider the Order of Pretrial Detention (#58), filed on December 28, 2012. The Court also considered the Government's Response (#61), filed on January 14, 2013, and Defendant's Reply (#63), filed on January 22, 2013.

### BACKGROUND

On October 24, 2012, Defendant Thomas A. Cecrle, Jr ("Cercle") was indicted and charged in a twenty count indictment along with five other defendants. *See* Indictment #1. On November 2, 2012, Cecrle appeared before the undersigned for his initial appearance and detention hearing. The Government moved for pretrial detention based on risk of non-appearance and danger to the community. The Court considered the information set forth in the Government's proffer, the information submitted by Cecrle in response to the Government's proffer, and the information provided by the Office of Pretrial Services in reaching its determination on pretrial detention. Ultimately, the Court found that the Government met its burden by showing by clear and convincing evidence that Cecrle is a danger to the community and by preponderance of the evidence that he is a flight risk. *See* Order of Detention (#29). In reaching this conclusion, the Court noted:

> The defendant lacks property, financial or employment ties to the community. The defendant's prior criminal history record reflects two prior felony convictions, eight prior misdemeanor convictions, seven prior failures to appear, and two probation violations or revocations. Additionally, the Pretrial Services Report indicates that the defendant frequently uses methamphetamine socially. The Court finds there are no conditions or combination of conditions that the Court could fashion at this time that would reasonably protect the community against the risk of danger posed by the defendant or assure the defendant's appearance at future court proceedings.

*Id*. Thus, Cecrle was ordered detained pending trial.

By way of this motion, Cercle requests that the Court reopen the detention hearing pursuant to 18 U.S.C. § 3142(f) based on new information. In response, the Government argues that the detention hearing should not be reopened because the additional information provided by Cecrle has not provided any new evidence that has a material bearing on the Court's decision.

## **DISCUSSION**

Pursuant to 18 U.S.C. § 3142(f), the court may reopen a detention hearing at any time prior to trial if:

> the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Courts interpret this provision strictly. *E.g.*, *United States v. Ward*, 63 F.Supp.2d 1203, 1206-07 (C.D. Cal. 1999); *United States v. Dillon*, 938 F/2d 1412, 1415 (1st Cir. 1991).[1] The rule requires that the movant, whether prosecutor or defendant, establish: (1) that information now exists that was not known to the movant at the time of the initial detention hearing, and (2) the new information is material to release conditions regarding flight or dangerousness. *See United States v. Bowens*, 2007 WL 2220501 (D. Ariz.) (citing *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989)). Generally, once a detention hearing is reopened, "it is reopened for the purpose of the court's receiving any information, within reason, not submitted at the original detention hearing." *United*

---

[1] The rationale for the rule is discussed in *United States v. Flores*, 856 F.Supp. 1400 (E.D. Cal. 1994). "There are very few proceedings in federal practice which encourage a party to be less than diligent in bringing forth all material evidence the first time a hearing is held . . . . [a] rule that would not discourage a party for failing to acquire readily available evidence for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice." *Flores*, 856 F.Supp at 1406.

*States v. Barksdale*, 2008 WL 2620380, n. 3 (E.D. Cal.). This allows new information to be considered in context. *Id.*

The undersigned has reviewed Cecrle's motion and is not persuaded that the information asserted in support of the motion is new and material. First, Cecrle provides information regarding his residence to bolster his ties to the community. At the Detention Hearing, Cecrle informed the Court that he was living in a rented condominium with his girlfriend, a co-defendant, and his youngest daughter. He now provides the address of his oldest daughter, Brianne Cecrle, at 2925 Wigwam Pkway, Unit 1123, Henderson, Nevada, 89014. He contends that he would live with Brianne and assist in caring for her one year old child. Alternatively, Cecrle requests that he may be permitted to live with his ailing mother who suffers from the effects of Alzheimer's disease and lives approximately five miles from his oldest daughter. Therefore, Cecrle argues that his close relatives in the Las Vegas community are new evidence of strong community ties. In response, the Government contends that none of this information was substantiated by an affidavit, it fails to assert that his daughter or mother would serve as a third party custodian, and it is not new information. The Court agrees that Cercle knew of his family ties at the time of his initial appearance and this information is not material to its determination.

In addition to the information regarding community ties, Cercle submits that he is not an economic danger to the community. Rather than detaining him to protect the community from such concern, Cecrle asserts that a reasonable condition would be to prevent him from having any contact with witnesses or alleged victims in this case and bar financial transactions utilized in the charges at issue. In response, the Government contends that it performed a comprehensive financial analysis of Cecrle's banking records that revealed that he has no known source of income other than that derived from the fraudulent scheme charged in the indictment. Given the length of the fraud, ten years, and absence of employment history, the Government contends that the Court's assessment that Cecrle presents an economic danger to the community was justified. The Court agrees that Cecrle has not provided any new and material information regarding his work history that warrants changing its pretrial detention decision.

Finally, Cecrle contends that the Court's concern regarding his risk of non-appearance can

be adequately addressed by a condition of pretrial release. He contends that the nature of his prior instances of non-appearance are distinct from the nature of this case because Cecrle has never been alleged to have used false identifiers or identities. Additionally, Cecrle argues that given that the earliest trial date is approximately eight months away and this is a complex case, the Court should reconsider the propriety of pretrial detention. In response, the Government contends that there has been no demand for speedy trial or request for earlier trial date. Additionally, the Government alleges that Cecrle's demonstrated lack of regard for the judicial process justifies pretrial detention. The Court is not convinced that there are conditions of pretrial release that will mitigate the risk of flight based on Cecrle's criminal history.

Consequently, the Court is not convinced that the additional information provided by Cecrle is material to the issue of his nonappearance at future court proceedings and danger to the community. The undersigned's concerns regarding Wolfe's lack of property, financial, and employment ties to the community remain. Therefore, the Court finds that the additional information submitted by Cecrle does not have "a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Thomas A. Cecrle, Jr's Motion to Reconsider the Order of Pretrial Detention (#58) is **denied**.

DATED this 11th day of February, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**